IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN DEEGAN** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-2695 |
| | : | |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY** | : : | |

### MEMORANDUM AND ORDER

**Kauffman, J.**                                                                 October   24 , 2006

      In April 2006, Plaintiff John Deegan ("Plaintiff") commenced an action for breach of contract against Defendant Hartford Life and Accident Insurance Company ("Defendant") in the Court of Common Pleas of Montgomery County, Pennsylvania. On June 21, 2006, Defendant removed this matter to federal court pursuant to 28 U.S.C. § 1441. Now before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. Because Plaintiff's claim is preempted by the Employee Retirement Income Security Act of 1974, 20 U.S.C. § 1001, et seq. ("ERISA"), Defendant's Motion will be granted.

### I. BACKGROUND

      The relevant facts, as alleged in the Complaint, are as follows. On or about September 18, 2003, Plaintiff applied for a life insurance plan for himself and his family. Complaint ¶ 5. The insurance plan, which was made available through Plaintiff's employer, Sloane Automotive, was written by Defendant. Id. ¶¶ 3-4. The application was approved, and the life insurance policy became effective. Id. ¶ 5. On September 10, 2005, Plaintiff's son died. Id. at ¶ 10. Soon thereafter, Plaintiff submitted a claim for benefits, which Defendant denied. Id. at ¶¶ 11-12. Plaintiff alleges that Defendant's denial of his claim constituted a breach of contract. The only issue presented by

Defendant's motion to dismiss is whether Plaintiff's claim is preempted by ERISA. If complete preemption is found, Plaintiff's claim is subject to this Court's jurisdiction pursuant to 28 U.S.C. § 1441(a). See Miller v. Aetna Healthcare, 2001 WL 1609681, at *1 (E.D. Pa. Dec. 12, 2001).

## II. LEGAL STANDARD

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations of the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

## III. DISCUSSION

Plaintiff's breach of contract claim is based on Defendant's denial of benefits allegedly due to him following the death of his son, who he claims was covered under the plan.[1] Plaintiff does not dispute that the insurance policy at issue was an ERISA-qualified plan, but contends that the matter should be remanded to state court for adjudication. See Memorandum of Law of Plaintiff John Deegan in Support of Answer to Motion to Dismiss, at 1-2. The Court disagrees.

"To assure uniform treatment, Congress provided that where a plan is covered by ERISA, all state laws relating to the plan are preempted." Tannenbaum v. Unum Life Ins. Co. of America, 2006 WL 2671405, at *2 (E.D. Pa. Sept. 15, 2006) (citations omitted). Accordingly, state common law

---

[1] Defendant alleges that the insurance policy explicitly precluded recovery for deaths resulting from suicide within two years of the effective date of coverage, and since Plaintiff's son's death was ruled a suicide, he was not entitled to recovery. See Defendant's Motion to Dismiss, at 2.

causes of action that relate to any employee benefit plan are preempted by ERISA.[2]  See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 46-47 (1987) (finding that ERISA's preemption clause is "deliberately expansive"); see also Hooven v. Exxon Mobil Corp., --- F.3d ---, 2006 WL 298116, at *5 (3d Cir. Oct. 20, 2006) ("every claim for relief involving an ERISA plan must be analyzed within the framework of ERISA... [ERISA] is intended to occupy fully the field of employee benefit plans" (internal quotations omitted)).  Breach of contract claims arising from denial of coverage under an employee benefit plan are well-within the scope of the preemption.  Pryzbowski v. U.S. Healthcare, 245 F.3d 266, 278 (3d Cir. 2001) (holding that suits against insurance companies for denial of benefits, "even when the claim is couched in terms of common law negligence or breach of contract," are preempted); See also Gilbertson v. Unum Life Ins. Co. of America, 2005 WL 1484555, at *2 (E.D. Pa. June 21, 2005).

      The essence of Plaintiff's state law claim is that benefits allegedly due under the life insurance policy were wrongfully denied, and that the denial amounted to a breach of contract.  As Plaintiff's claim clearly "relates to" the benefit plan, it is expressly preempted by ERISA.  Plaintiff's claim will therefore be dismissed, with leave to amend the Complaint to include ERISA claims.

**IV. CONCLUSION**

      As Plaintiff's breach of contract claim is preempted by ERISA, Defendant's Motion to Dismiss will be granted.  An appropriate Order follows.

---

[2]     ERISA's preemption clause states: "[e]xcept as provided in subsection (b) of this section, the provisions of this title ... shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN DEEGAN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 06-2695 |
| | : | |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY** | : : | |

**ORDER**

**AND NOW**, this 24th day of October, 2006, upon consideration of Defendant Hartford Life and Accident Insurance Company's Motion to Dismiss Plaintiff's Complaint (docket no. 3) and all responses thereto, and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED.**

BY THE COURT:

/s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**